(82 South. 559)

NORRED v. STATE. (7 Div. 601.)

(Court of Appeals of Alabama. June 17, 1919.)

1. INTOXICATING LIQUORS ⬠241 — APPEAL— DIFFERENT CHARGE IN COMPLAINT. .

Where prosecution was begun by affidavit in county court, charging defendant with manufacturing liquors, and defendant was convicted and appealed to the circuit court, in which court the solicitor filed a complaint charging the same offense, defendant cannot complain that the charge in the circuit court was a different charge from the one in the county court.

2. CRIMINAL LAW ⬠670 — HARMLESS ERROR —EXCLUSION OF EVIDENCE.

Defendant in a criminal case cannot complain of the sustaining of an objection to a question, an answer to which might or might not have been rendered legal, where he did not state what he expected the witness to answer.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

O. J. Norred was convicted of violating the prohibition law and he appeals. Conviction affirmed, and cause remanded for proper sentence.

John W. Overton, of Wedowee, for appellant.

J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. [1, 2] The prosecution was begun by affidavit in the county court, charging the defendant with manufacturing spirituous, vinous, or malt liquors, and a warrant issued returnable to the county court, where he was tried and convicted, and from that conviction he appealed to the circuit court. On the trial in the circuit court, the solicitor filed a complaint as required by the statute, charging the same offense, and hence there is no merit in the contention made by appellant that the charge in the circuit court was a different charge to that upon which he was tried in the county court. The court did not err in sustaining the state's objection to the question propounded to the witness as follows: "Reeves told you that the defendant did not have anything to do with the still, didn't he?" The answer to this might or might not have been rendered legal,

but the defendant did not state what he expected the witness to answer.

The tendencies of the evidence were sufficient upon which the jury was justified in predicating a verdict, and therefore the affirmative charge was properly refused.

The judgment of conviction is affirmed, but the sentence for costs was indefinite, and for that reason must be remanded for a proper sentence.

Judgment of conviction affirmed; cause remanded for proper sentence.